

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.

Criminal No. 3:04cr278
Civil Action No. 3:13CV303

DUJUAN FARROW

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on May 30, 2008, the Court denied a 28 U.S.C. § 2255 motion filed by Farrow. On March 13, 2013, Farrow filed a Motion to Correct Conviction and Sentence pursuant to 28 U.S.C. § 1651.[1] (ECF No. 181.)

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

---

[1] The statute provides in relevant part: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

A motion pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). This Court lacks jurisdiction to entertain a second 28 U.S.C. § 2255 motion from Farrow absent authorization from the United States Court of Appeals for the Fourth Circuit. See 28 U.S.C. § 2244(b)(3)(A). Farrow cannot avoid that result by styling his present motion as a motion for the "extraordinary writ." (Mot. 1.) See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (emphasizing that inmates may not circumvent the limitations on successive § 2255 motions simply by inventive labeling). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner

plasters on the cover." Id. (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)).

Farrow's current motion challenging his conviction and sentence falls squarely within the ambit of 28 U.S.C. § 2255(a). See United States v. Sessoms, 488 F. App'x 737, 738 (4th Cir. 2012) (construing petition filed under 28 U.S.C. § 1651(a) as a successive § 2255 motion). The Clerk will be directed to file the present action as an unauthorized successive motion under 28 U.S.C. § 2255. The action will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Farrow has not satisfied this standard. Accordingly, a certificate of appealability is denied.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Farrow and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: May 14, 2023
Richmond, Virginia